IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BENNETT, | : | |
|     Plaintiff | : | |
| | : | No. 1:22-cv-0354 |
| v. | : | |
| | : | (Judge Rambo) |
| BRAD SHOEMAKER and | : | |
| MARK LUSK, | : | |
|     Defendants | : | |

<u>**MEMORANDUM**</u>

Plaintiff Jamal Bennett, who is currently in pretrial detention in Lycoming County Prison, initiated the above-captioned *pro se* action under 42 U.S.C. § 1983. He asserts constitutional tort claims against two Lycoming County officials based on allegedly deficient medical care. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Bennett seeks leave to amend, leave to join additional defendants, and preliminary injunctive relief.

**I.   BACKGROUND**

Bennett initially filed this civil rights complaint in the Court of Common Pleas of Lycoming County, Pennsylvania, in February 2022.[1] (*See* Doc. No. 1-2 at 3, 4.) At the time of filing and in his subsequent briefing, he states that he is being held in

---

[1] Bennett labeled the filing a "writ of habeas corpus (for conditions of confinement)." (*See* Doc. No. 1-2 at 4). Bennett, however, does not seek release from detention and thus his filing does not sound in habeas corpus. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323-25 (3d Cir. 2020) (explaining that detainees seeking "release from detention" may proceed by way of a habeas petition challenging unconstitutional conditions of confinement, but only in "extraordinary circumstances").

pretrial detention at Lycoming County Prison ("LCP"). (*Id.* at 4 ¶ 1; Doc. No. 9 at 4.) Bennett alleges that he was experiencing significant dental problems while in detention and that LCP medical providers were deliberately indifferent to his serious medical needs. (*See* Doc. No. 1-2 at 5-9 ¶¶ 5-19; *id.* at 14-17 ¶¶ 32-40.) Bennett seeks various forms of prospective injunctive relief, including policy changes at LCP, (*id.* at 17-18 ¶¶ 41-42), additional medical treatment, (*id.* at 17-18 ¶ 41), and disciplinary measures taken against the offending medical staff, (*id.* at 18 ¶¶ 43-44.)

The two named defendants—Brad Shoemaker and Mark Lusk—aver that they first became aware of Bennett's lawsuit when they received a February 11, 2022 order from the Lycoming County Court of Common Pleas recusing all county judges from the case because Shoemaker and Lusk "are employees for Lycoming County." (*See* Doc. No. 1 ¶¶ 3-7; Doc. No. 1-2 at 22.) According to Bennett's complaint, and confirmed by Defendants, Shoemaker is the Warden of LCP and Lusk is the elected Sheriff of Lycoming County. (*See* Doc. No. 1-2 at 4, 10 ¶¶ 2, 20; Doc. No. 8 at 10.) Following receipt of the February 11 order (and then a copy of the complaint), Shoemaker and Lusk removed the case to this Court on March 10, 2022. (*See generally* Doc. No. 1.)

One week later, Shoemaker and Lusk moved to dismiss the case for failure to state a claim upon which relief may be granted. (Doc. No. 3.) Bennett opposes the motion to dismiss, but his brief in opposition primarily focuses on his argument that

Defendants' removal was untimely. (*See* Doc. No. 9 at 7-10.) Bennett subsequently filed a motion for permissive joinder, (Doc. No. 10), a motion for a restraining order and permanent injunction, (Doc. No. 11), and a motion for leave to file an amended complaint, (Doc. No. 12.) The Court will address the pending motions in turn, beginning with Defendants' motion to dismiss.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*,

3

550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation," *id.* (citation omitted).

In resolving a motion to dismiss, the Court must "conduct a two-part analysis." *Fowler*, 578 F.3d at 210. First, it must separate the factual elements from the legal elements and disregard the legal conclusions. *Id.* at 210-11. Second, it must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211 (citation omitted).

### III. DISCUSSION

The pending motions raise a host of issues regarding the viability of the Section 1983 claims against the named Defendants, as well as the propriety of certain pleading amendments Bennett seeks to make. In particular, Bennett appears to desire to add numerous additional defendants to the instant lawsuit for actions allegedly taken in retaliation for Bennett filing the case at bar. The Court first examines whether Bennett's original complaint states a claim for relief.

#### A. Motion to Dismiss

Defendants contend that Bennett's lawsuit is, essentially, a run-of-the-mill Section 1983 claim alleging constitutionally inadequate medical care. The Court observes that, as Bennett is a pretrial detainee, any such deficient medical care claim would fall under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008)

4

(*Hubbard II*) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)); *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (*Hubbard I*).  However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical indifference claims versus those raised by incarcerated individuals pursuant to the Eighth Amendment.[2]

Defendants first argue that, as there are no allegations of their personal involvement in any of the incidents concerning deficient medical care, Bennett cannot maintain a Section 1983 claim against them.  They also contend that Bennett has failed to state a claim regarding a prison policy or custom such that Defendants could be liable in their official capacities.

Defendants are correct that nowhere in Bennett's complaint does he plead that Shoemaker or Lusk had any personal involvement in his allegedly deficient dental care at LCP.  And personal involvement in the "complained-of conduct" is generally

---

[2] This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims.  *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

a prerequisite for Section 1983 liability. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). It is likewise a necessity when attempting to plead or show a defendant's deliberate indifference to a detainee's or a prisoner's serious medical needs. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

Nevertheless, a plaintiff may bring a Section 1983 claim against a governmental official who "with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original) (citation omitted). The problem for Bennett, however, is that his allegations are insufficient under *Twombly* and *Iqbal* to state such a "supervisory" liability claim against either Shoemaker or Lusk.[3]

As to Shoemaker, Bennett contends only that Shoemaker is "one of the policy makers" and that he has "upheld" a policy whereby medical providers are instructed "not to make any notes" in the prisoners' medical files regarding inmates' requests to see a dentist. (Doc. No. 1-2 at 9-10 ¶ 19.) This single allegation is insufficient to set forth a policy that violates LCP prisoners' constitutional rights. Bennett does not

---

[3] Supervisory liability under Section 1983 pertains to claims against defendants in their individual capacities. Bennett does not state that he is suing Defendants in their official capacities, nor does he make official-capacity arguments in his briefing. Consequently, the Court presumes that Bennett is suing Defendants in their individual capacities only.

6

explain how such a policy causes constitutional harm (although it is possible that Bennett is inferring that such a policy results in denial of necessary medical care). In other parts of his complaint, Bennett seems to allege a policy whereby LCP detainees and prisoners are not permitted to see dental specialists until they are in serious distress or have obvious dental emergencies. Thus, because it is conceivable that Bennett could amend his pleadings to state a supervisory liability claim, dismissal of the Section 1983 claim against Shoemaker will be without prejudice.

As for Lusk, Bennett does not allege any policy, practice, or custom that Lusk established and maintained that was violative of his constitutional rights. Bennett's sole allegation regarding Lusk is that he is a member of the Prison Board for LCP. (*See id.* at 10 ¶ 20.) This allegation appears to be tied to Bennett's contention that the Prison Board has failed in its duty to protect the "health and safety" of prisoners with mental health illnesses. (*See id.* at 10-11 ¶ 21.) Bennett then goes on to discuss situations involving inmates (who are not parties to this case) with medical issues and circumstances distinct from Bennett's and which are irrelevant to the case at hand. (*See id.* at 11-13 ¶¶ 22-28.) Accordingly, the Section 1983 claim against Lusk must also be dismissed for failure to state a claim. Out of an abundance of caution, leave to amend will be granted with regard to Lusk as well. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (requiring district courts to grant leave

to amend for *in forma pauperis* complaints dismissed under Rule 12(b)(6) unless amendment would be "inequitable or futile").

### B.     Motion to Remand

As previously noted, the bulk of Bennett's opposition brief is devoted to his contention that this case was improperly removed from state court. Bennett claims that Defendants' removal was untimely. His motion to remand fails for two reasons.

First, Defendants aver and support with evidence their contention that the first time they received notice of the instant lawsuit was after the February 11, 2022 recusal order was issued by the Court of Common Pleas of Lycoming County. Even assuming Defendants received this order *and* a copy of Bennett's complaint on the same day the order issued, they had 30 days to file a notice of removal in federal court. *See* 28 U.S.C. § 1446(b). That 30-day period would have expired on Sunday, March 13, 2022, and thus Defendants had until Monday, March 14, 2022, to file their notice of removal. *See* FED. R. CIV. P. 6(a)(1)(C) (explaining that, in computing time periods generally, "if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Bennett attempts to invoke the prisoner mailbox rule to argue that his complaint was filed on January 31, 2022—because that is when it was placed in the prison mail system—and therefore Defendants' March 10 removal was untimely. (*See* Doc. No. 9 at 8.) But the prisoner mailbox

8

rule only controls the determination of when a filing by a prisoner is deemed filed, not when it is received by a defendant. *See Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). Defendants' notice of removal was timely filed.

Second, the proper method to challenge removal is through a motion to remand, which generally must be filed "within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Bennett did not challenge the removal of this case until May 10, 2022, (*see* Doc. No. 9 at 12), well beyond the 30-day time limit provided by Section 1447(c). For both reasons, to the extent that Bennett's brief in opposition to Defendants' motion to dismiss can be construed as a motion to remand, that motion must be denied.

### C. Motion for Preliminary Injunctive Relief

On May 10, 2022, Bennett filed a motion for a "restraining order and permanent injunction." (Doc. No. 11.) In that motion, he claims that prison officials at LCP are retaliating against him for filing the instant lawsuit by moving him to a maximum-security unit of LCP without cause, opening his legal mail outside of his presence, confiscating documents and legal materials, and prohibiting him from making copies and attending law library sessions. (*Id.* ¶¶ 3-13.) He asks the Court to transfer him to a different prison.

Although the Court is not dismissive of Bennett's allegations, his claims for injunctive relief concern issues that are well beyond the scope of his complaint.

Preliminary injunctive relief is an "extraordinary remedy," and the movant must make a threshold showing of a likelihood of success on the merits and a likelihood of irreparable harm in the absence of the preliminary injunction. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (citation omitted). As these gateway requirements suggest, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837-38 (3d Cir. 2010) (nonprecedential) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).

Thus, while Bennett's motion for injunctive relief suggests possible unlawful retaliation by LCP prison officials, such bare allegations will not support a request for preliminary injunctive relief in the instant medical deliberate indifference case. The Court, therefore, must deny Bennett's motion for preliminary injunctive relief. To the extent that Bennett needs additional time for making copies, accessing the law library, or filing documents, he may move the Court for an enlargement of time pursuant to Local Rule of Court 7.5(a), which motion does not require a supporting brief if the reasons for the requested extension are contained in the motion.

### D.     Motion for Joinder, Motion for Leave to Amend

Bennett filed both a motion for permissive joinder and a motion for leave to file an amended complaint. These motions, however, were filed without supporting briefs, in contravention of the Local Rules of Court. *See* LOCAL RULE OF COURT 7.5

(requiring a supporting brief for motions other than those seeking enlargement of time, that have the concurrence of all parties, and for appointment of counsel). Furthermore, Bennett's motion for leave to amend does not comply with Local Rule 15.1, as it does not contain—among other requirements—a proposed amended complaint.  *See* LOCAL RULE OF COURT 15.1(a).

Bennett's motions suffer from additional deficiencies beyond noncompliance with the Local Rules.  His motion for permissive joinder is only two pages in length. In those two pages, he asserts that he wants to join *23 additional defendants* for the above-mentioned retaliatory events as well as for allegedly unlawful strip searches, cell searches, and tampering with legal mail.  (*See* Doc. No. 10.)  Initially, the Court notes that Bennett does not identify which defendant is responsible for the various unlawful actions, so it is impossible to tell if there is personal involvement by the proposed new defendants.  More importantly, these claims are not part of the "same transaction, occurrence, or series of transactions or occurrences" underlying the instant medical indifference case, nor is there a "question of law or fact common to all defendants" such that these claims and new defendants could be permissively joined together in this action.  *See* FED. R. CIV. P. 20(a)(2)(B).

Bennett's motion for leave to amend largely reiterates the flawed requests in his motion for permissive joinder.  However, to the extent that Bennett identifies medical providers (or other LCP officials) that he believes were personally involved

in the constitutionally inadequate dental care that he received at LCP, such defendants could be properly joined in the instant case. In the motion to amend, it appears that Bennett targets physician Shawn P. McGlaughlin as providing deficient medical care. (*See* Doc. No. 12 at 2, 3, 4.) He contends that McGlaughlin "tried to rely on unqualified LPNs" to care for him and also failed to properly diagnose and treat his serious dental issues. (*See id.*) Bennett additionally identifies Andrea Hoover, LPN and Maelynn Murphy, LPN in his motion for joinder, and it appears that he does include allegations in the original complaint of their personal involvement in his deficient dental care (although he did not name them as defendants). (*See* Doc. No. 1-2 at 5-9 ¶¶ 3-19.) However, it is unclear from the allegations in the complaint whether Bennett has stated a claim for medical deliberate indifference against these individuals.

Accordingly, Bennett's motion for permissive joinder and his motion for leave to amend will be granted *only to the extent* that he will be permitted to file an amended complaint that is confined to his claims of deliberate indifference to serious medical needs at LCP. Bennett is specifically admonished that he must comply with Federal Rule of Civil Procedure 20(a)(2) regarding permissive joinder of defendants, as more fully explained above.

If Bennett chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without

reference to any previous pleading. The amended complaint should set forth Bennett's medical deliberate indifference claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Bennett must identify which claim is being asserted against which defendant (or defendants), and set forth the factual basis for the claims. He must also name proper defendants, specify the offending actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion (Doc. No. 3) to dismiss the complaint under Rule 12(b)(6). Dismissal will be without prejudice, and limited leave to amend will be granted as more fully outlined above. Bennett's motion for preliminary injunctive relief (Doc. No. 11) will be denied. Bennett's motion for permissive joinder (Doc. No. 10) and motion for leave to amend (Doc. No. 12) will be granted only to the extent specified in this Memorandum. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: August 11, 2022