IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL BENNETT,<br>    **Plaintiff** | No. 1:22-CV-0354 |
| v. | (Judge Munley) |
| BRAD SHOEMAKER, *et al.*,<br>    **Defendants** | |

## MEMORANDUM

Plaintiff Jamal Eugene Bennett initiated the above-captioned civil rights action by filing a *pro se* complaint in state court. His case was removed to this court under 28 U.S.C. § 1441. Bennett's case has languished in federal court primarily because he has failed to serve multiple defendants and because he has refused to comply with numerous court orders. The court, therefore, will dismiss Bennett's case under Federal Rule of Civil Procedure 4(m).

## I. BACKGROUND

Bennett initially filed the instant civil rights case in the Court of Common Pleas of Lycoming County, Pennsylvania, in February 2022.[1] (See Doc. 1-2 at 3, 4). At the time of filing and in subsequent briefing, he stated that he was being

---

[1] Bennett labeled the filing a "writ of habeas corpus (for conditions of confinement)." (See Doc. 1-2 at 4.) Bennett, however, does not seek release from detention and thus his filing does not sound in habeas corpus. See Hope v. Warden York Cnty. Prison, 972 F.3d 310, 323-25 (3d Cir. 2020) (explaining that detainees seeking "release from detention" may proceed by way of a habeas petition challenging unconstitutional conditions of confinement, but only in "extraordinary circumstances").

held in pretrial detention at Lycoming County Prison. (Id. at 4 ¶ 1; Doc. 9 at 4). Bennett is now incarcerated at the State Correctional Institution, Rockview (SCI Rockview). (See Doc. 27 & Docket Annotation). In his complaint, Bennett alleged that he was experiencing significant dental problems while in pretrial detention and that Lycoming County Prison healthcare providers were deliberately indifferent to his serious medical needs. (See Doc. 1-2 at 5-9 ¶¶ 5-19; id. at 14-17 ¶¶ 32-40).

Bennett initially named two defendants: Brad Shoemaker and Mark Lusk. (Doc. 1-2 at 4). According to Bennett's complaint, and as confirmed by Defendants, Shoemaker was the Warden of Lycoming County Prison and Lusk was the elected Sheriff of Lycoming County. (See Doc. 1-2 at 4, 10 ¶¶ 2, 20; Doc. 8 at 10). Following receipt of the state-court complaint, Shoemaker and Lusk removed the case from state court to this court—under 28 U.S.C. § 1441—on March 10, 2022. (See generally Doc. 1).

Shoemaker and Lusk then moved to dismiss Bennett's complaint under Federal Rule of Civil Procedure 12(b)(6). (See generally Doc. 3). The court[2] granted Defendants' motion to dismiss and allowed Bennett to file an amended complaint "*only to the extent* that [his amended pleading was] confined to his

---

[2] This case was previously assigned to the Honorable Sylvia H. Rambo.

claims of deliberate indifference to serious medical needs" during his detention at Lycoming County Prison. (Doc. 18 at 12).

Following numerous procedural difficulties and delays caused by Bennett's prison transfers and his repeated failure to inform the court of his new addresses, (see, e.g., Docs. 24, 26-28), Bennett filed an unsigned amended complaint on January 30, 2023, (see generally Doc. 29). In that amended complaint, Bennett named seven additional defendants: Nancy L. Butts, Kristin Rogers, Ryan Gardner, Maelynn Murphy, Andrea Hoover, Shawn P. McGlaughlin, and Evangelical Medical Services Organization. (See id. at 2).

Bennett, who was representing himself but was not proceeding *in forma pauperis* in this court, failed to serve any of the additional defendants within the 90-day time limit for service set forth in Federal Rule of Civil Procedure 4(m). As the court pointed out in its May 8, 2023 Order, (see Doc. 39), Bennett had provided no proof that any new defendant had been served pursuant to Federal Rule of Civil Procedure 4(c) and (e) or had waived service under Rule 4(d). See FED. R. CIV. P. 4(c), (d), (e), (*l*). Pursuant to Rule 4(m), the court gave Bennett fourteen days to show cause as to why his amended complaint should not be dismissed as to the newly named defendants for failure to timely serve. (See Doc. 39 at 1); FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the

plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added)).

In his show-cause response, Bennett appeared to misunderstand Rule 4 and how service of process must be completed. He claimed that "[e]very single defendant was served with the amended complaint" and that "the evidence and proof can be found in their incoming / outgoing mail log." (Doc. 41 at 2).[3] But, as the court explained, "service of process for a federal lawsuit is not completed by simply mailing a copy of the amended complaint to the new defendants. Bennett, like all other litigants in federal court, must adhere to the Federal Rules of Civil Procedure and either effect service under the requirements of Rule 4(c) and (e) or obtain waivers of service from each new defendant pursuant to Rule 4(d)." (Doc. 42 at 3-4 (citing FED. R. CIV. P. 4(c), (d), (e))).

The court then liberally construed Bennett's show-cause response as a request for additional time to complete service. (See id. at 4). It granted that request and gave Bennett an additional 30 days to properly serve the newly named defendants, warning that failure to serve them would result in their

---

[3] Bennett also seems to misunderstand that simply because Shoemaker and Lusk had been served, filed motions, and otherwise participated in the instant litigation does not mean that the other new defendants have been served under Rule 4. (See Doc. 41 at 2-3). Shoemaker and Lusk do not represent those other defendants or have a responsibility to take any action on their behalf. Moreover, the newly named defendants had no obligation to respond to anything Bennett mailed to them unless and until he properly effectuated service of process with respect to each new defendant.

4

dismissal from this action pursuant to Federal Rule of Civil Procedure 4(m). (See id.).

The court mailed this Order to Bennett on May 25, 2023, but on June 15, 2023, received the mailing back return-to-sender and marked "refused" from SCI Rockview, likely because the envelope inadvertently did not contain a court control number. (See Doc. 43). The court promptly remailed the Order to Bennett the following day, making certain that it was properly addressed and contained the requisite court control number.

After thirty days had elapsed from the remailing (*i.e.*, on July 14, 2023), and having received no proof of service or other response from Bennett, the court dismissed the additional defendants pursuant to Rule 4(m) as warned. (See generally Doc. 44). Two weeks later, Bennett submitted two letters, appearing to seek reconsideration of the dismissal of the unserved defendants. (See Docs. 45, 46). Bennett claimed that he had received the court's May 25, 2023 Order (which was resent on June 16, 2023) on June 23 and that he "re-sent the lawsuit and the forms to the Sheriff[']s Dept. for servicing on 6/23/23." (Doc. 45 at 3). From the attachments to his letters, it appeared that Bennett had mailed documents to "Sheriff Dept. 48 W. 3rd St. Wlmspt. PA 17701." (See Doc. 46-1). This is the address for the Lycoming County Sheriff's Office, located in the Lycoming County Courthouse in Williamsport, Pennsylvania.

The court determined that Bennett was seeking to have the Lycoming County Sheriff serve his amended complaint on the additional defendants pursuant to Pennsylvania Rule of Civil Procedure 400(a). (See Doc. 47 at 5). This is an acceptable method of service, the court noted, if done correctly. (See id. (citing FED. R. CIV. P. 4(e)(1) (providing that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"))). Nowhere in his letters, however, had Bennett indicated that he had paid the requisite $275 fee associated with Sheriff's service for seven defendants in Lycoming County.[4] (See id. at 5-6). The court further noted that if Bennett—who is not proceeding *in forma pauperis* in this court—had "simply mailed his amended complaint and summons to the Lycoming County Sheriff's Office but did not pay the associated service fee, it is likely that no action was taken on his service request." (Id. at 6). The court concluded:

> In any event, no proof of service or waiver of service has been filed with the Court, and it is Bennett's responsibility to establish that he has properly served his amended complaint on the seven additional defendants. See FED. R. CIV. P. 4(d), (*l*). Nevertheless, it appears that Bennett is attempting to effect service, although without much luck. Bennett may want to consider seeking to effect service through Federal Rule of Civil Procedure 4(d)—waiving service of process. Rule 4(d) provides explicit instructions for such service. Additionally, the Court

---

[4] See LYCOMING CNTY. GOV'T, https://www.lyco.org/Elected-Officials/Sheriff/Civil-Process-Division (last visited Aug. 27, 2024) (indicating that service of a complaint requires a $100 deposit plus $25 per defendant for three or more defendants).

6

will supply Bennett with copies of the appropriate waiver forms. Ultimately, however, Bennett must serve the seven new defendants in some permissible form if he seeks to prosecute this civil action against them.

(Id.) The court then leniently construed Bennett's letters as a motion for reconsideration, granted that motion, and gave him an additional 45 days to serve the newly named defendants. (See id. at 7). The court also provided Bennett with courtesy copies of the notice of lawsuit and request to waive service of summons (form AO 398) and the waiver of the service of summons (form AO 399). (See id.) Finally, the court again warned Bennett that, if he failed to properly serve the new defendants within the time allotted, they would once more be dismissed pursuant to Rule 4(m). (Id.)

On August 23, 2023, two weeks after the foregoing Order issued, the court ruled on the pending motion filed by defendants Shoemaker and Lusk to dismiss the amended complaint. (See generally Docs. 49, 50). The court dismissed the Section 1983 claims against Shoemaker and Lusk with prejudice and they were terminated as defendants in the litigation. (See Doc. 50 ¶¶ 2-3).

On September 11, 2023, the court received another letter from Bennett. (Doc. 52). That letter expressed confusion about service and the status of his case. (See generally id.). It appears that Bennett again attempted to have the Lycoming County Sheriff serve his amended complaint on the new defendants and again was unsuccessful. (See id. at 1-4). Bennett also appeared confused

7

about the court's August 23 opinion on the motion to dismiss, misunderstanding that it dismissed only Shoemaker and Lusk, not the entire case. (See id. at 3-4, 6). It does not appear that Bennett followed the court's suggestion to seek waiver of service under Federal Rule of Civil Procedure 4(d).

In its lengthy February 26, 2024 Order, (Doc. 53), the court summarized the extensive procedural history in this case and "ma[de] two observations." (See id. at 1-8). First, the court noted that Bennett appeared to be filing documents in state court rather than federal court. (See id. at 7 (citing Doc. 52 at 1, 3)). Thus, the court again explained to Bennett that this case had been *removed* from state court to federal court almost two years ago, (see id. at 7-8 (citing Doc. 1)), so Bennett should not be contacting the clerk of court ("prothonotary") for the Court of Common Pleas of Lycoming County or filing documents there if they pertained to the case at bar.

Second, and more importantly, the court explained that it cannot litigate Bennett's case for him. (See id. at 8 (citing Pliler v. Ford, 542 U.S. 225, 231 (2004); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 246 (3d Cir. 2013); McKaskle v. Wiggins, 465 U.S. 168, 184 (1984))). The court further noted that it had already gone to great lengths to assist Bennett, including liberally construing his letters as motions for reconsideration, directing him to alternative means of

8

service, and even sending him courtesy copies of the appropriate forms. (See id. (citing Doc. 47 at 6-7)).

The court concluded that Bennett's rejection of this guidance and continued fruitless attempts to serve the new defendants via the county sheriff did not establish good cause for extensions of time for service under Rule 4. (See id. (citing Okagbue-Ojekwe v. Fed. Bureau of Prisons, No. 03-CV-2035, 2010 WL 3947528, at *3 (D.N.J. Oct. 7, 2010) ("There comes a time when delay in proper service is prejudicial to the opposing party. An elapse in time results in witness unavailability, events forgotten[,] and documentation lost."))). The court, exercising its discretion (and continued leniency), gave Bennett one final extension of 45 days to serve the additional seven defendants under Federal Rule of Civil Procedure 4. (See id. at 9 ¶ 1).

Instead of attempting to serve the additional defendants, Bennett sent an argumentative response to the court, in which he appeared to contend—incorrectly—that this court lacked subject matter jurisdiction in this case. (See Doc. 54 at 3). He also asserted that the prior defense attorneys who appeared in this case did not have valid licenses to practice law. (Id. at 3-4). Bennett then attempted to utilize Uniform Commercial Code (UCC) jargon to argue that he is a "secured party creditor with a TRUST registered under the IRS . . . in Puerto Rico," (id. at 4), although the relevance of this assertion is unknown. He

9

additionally appeared to once again confuse the instant federal proceedings with state-court litigation. (See id. at 4-5).

The court liberally construed Bennett's response as seeking to proceed *in forma pauperis* (IFP) in federal court. (See Doc. 55). It subsequently ordered him to provide—within 21 days—a certified copy of his prisoner trust fund account for the preceding six months establishing that he is indigent and able to proceed IFP under 28 U.S.C. § 1915. (See id.); 28 U.S.C. § 1915(a)(2).

Bennett did not timely respond to this Order, so the court issued a follow-up Order on April 22, 2024, providing him 14 additional days to comply. (See Doc. 56). The day after that Order issued, the court received correspondence from Bennett. (See Docs. 57, 58). That correspondence "challenged" the court's request, indicating that he had already submitted IFP documents to the Court of Common Pleas of Lycoming County in 2023, which he incorrectly referred to as the "lower court." (See Doc. 57 at 1-2). He also reiterated that he is challenging this court's jurisdiction, but did not provide any legal basis for that challenge. (See id. at 3). Bennett once more confused this court with the state court, indicating that he had provided IFP documents to the state court and that this court has "full access to the Clerk/Proth. - Docket sheet," which is another incorrect assumption. (Id. at 2). He further noted that he was refusing to "continue to do that." (Id.)

10

The court then took an alternative (but likewise lenient) approach. It issued its standard 30-day administrative Order to Bennett, asking him to fill out a proper application to proceed IFP in this court. (Doc. 59). The court also provided Bennett with a copy of the Middle District's form IFP application. (Doc. 59-1). It additionally sent its standard 15-day administrative Order to SCI Rockview officials, requesting from them a copy of Bennett's inmate trust fund account statement for the last six months. (Doc. 60). The court did not receive a response to *either* administrative Order.

Thus, on August 7, 2024, the court issued a final warning to Bennett. (See generally Doc. 61). In that Order, the court explained that Bennett had "repeatedly failed to comply with its explicit orders" and, despite frequent admonishment, continued "to misunderstand that this court is the United States District Court for the Middle District of Pennsylvania and is not a Pennsylvania Court of Common Pleas." (See id. at 2 (citing Doc. 57 at 2 (alleging, incorrectly, that this court "has full access to the Clerk/Proth[onotary]-Docket Sheet," which appears to be a reference to the Prothonotary for the Court of Common Pleas of Lycoming County); Doc. 58 (providing a copy of Plaintiff's application for leave to proceed IFP in the Court of Common Pleas from August 8, 2023))). Bennett, moreover, had failed to comply with the court's 30-day administrative Order, and the court noted that SCI Rockview had likewise failed to respond to the 15-day

administrative Order requesting a copy of Bennett's inmate trust fund account statement. (See id.). The court thus ordered Bennett to provide a certified copy of his prisoner trust fund account statement for the preceding six months and warned him that—as this was the *fourth* such request—failure to comply could result in denial of leave to proceed IFP or possible dismissal of his case. (See id.).

## II.  DISCUSSION

Presently before the court is Bennett's response to this court's August 7, 2024 Order. (See generally Doc. 62). Because that response once again fails to comply with an express order from the court, and because Bennett has failed to serve any of the seven additional defendants named in the amended complaint, the court will dismiss this case.

Bennett responded to this court's August 7 order in an undated filing that was received on August 26, 2024. (See id.). His filing contains incoherent and irrelevant UCC language and continues to conflate state and federal court proceedings. (See id.). It also appears to invoke "sovereign citizen" concepts, an ideology that has been repeatedly rejected as frivolous by federal and state courts alike. (See, e.g., id. at 2 ("Be advised that I am aware that your court[']s codes and statutes do not apply to me (a living man)."); see United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's

claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); Clifford v. Petrillo, 823 F. App'x 67, 67 n.1 (3d Cir. 2020) (per curiam) (citing United States v. Benabe with approval); Anderson v. Commonwealth, No. 707 WDA 2021, 2022 WL 909613, at *1 & n.2 (Pa. Super. Ct. Mar. 29, 2022) (nonprecedential) (rejecting sovereign citizen "straw man" argument as frivolous); Commonwealth v. McGarry, 172 A.3d 60, 65-66 (Pa. Super. Ct. 2017) (rejecting sovereign citizen jurisdictional argument as frivolous). In no way is Bennett's filing responsive to the pending IFP and service issues in this case, nor does it comport with this court's orders.

This case has been languishing for over two years because Bennett repeatedly fails to comply with this court's express orders. In particular, Bennett has failed to serve any of the seven additional defendants as required by Federal Rule of Civil Procedure 4 despite the court's *sua sponte* extensions of time, considerable guidance, and attempted assistance with this process. Moreover, because Bennett steadfastly refuses to abide by this court's directives, the court is unable to determine if Bennett is able to proceed *in forma pauperis* under 28 U.S.C. § 1915, so the court cannot attempt to effectuate service for him under 28 U.S.C. § 1915(d).

As the exhaustive procedural history in this case demonstrates, this court has been exceedingly lenient with Bennett. Nevertheless, the court cannot litigate this case for him. See Pliler, 542 U.S. at 231 ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Mala, 704 F.3d at 246 (same); see also McKaskle, 465 U.S. at 184 ("[T]he Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." (second alteration in original)). Not only does Bennett intentionally refuse to comply with court orders, he also blatantly disregards court instructions and guidance concerning his federal court proceedings.

That leniency is now at an end. None of Bennett's recent filings show good cause (or any other basis) to extend the time to serve the additional defendants named in his amended complaint. Bennett, in fact, does not even address this issue. Without demonstrating good cause for a required extension of the time for service or establishing any other factors warranting a discretionary extension, see FED. R. CIV. P. 4(m); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995), the court "must dismiss" this action. See FED. R. CIV. P. 4(m).

Finally, even if the court did not dismiss this case for failure to serve under Rule 4(m), which dismissal is required under the facts of this case, the court would dismiss this action under Federal Rule of Civil Procedure 41(b) for failure

14

to comply with court orders. See FED. R. CIV. P. 41(b). As fully set forth above, Bennett has repeatedly and intentionally refused to comply with multiple orders issued by this court over the past fifteen months, and thus dismissal under Rule 41(b) is warranted. See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.6 (3d Cir. 2021) ("District courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order.").

### III. CONCLUSION

Based on the foregoing, the court will dismiss this case as to all remaining Defendants pursuant to Federal Rule of Civil Procedure 4(m). Alternatively, dismissal is appropriate under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders. An appropriate Order follows.

Date: 8/28/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court